UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

WILLIAM NORWOOD,

                        Plaintiff,

                -against-

CITY OF NEW YORK; Detective Jeanbern
REMY, Shield No. 2998; Police Officer UC NO.
C0209 and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                      Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## **NATURE OF THE ACTION**

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff William Norwood ("plaintiff" or "Mr. Norwood") is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Detective Jeanbern Remy, Shield No. 2998 ("Remy"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Remy is sued in his individual and official capacities.

10.     Defendant Police Officer UC No. C0209, Shield No. 20275 ("C0209"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant C0209 is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 9:55 a.m. on March 14, 2014, plaintiff was lawfully in the vicinity of 968 Myrtle Avenue, Brooklyn, NY.

15.     Specifically, plaintiff was on his was home after dropping his son off at school.

16.     Plaintiff was approached by a number of police officers including defendant Remy.

17.     When the defendants aggressively questioned plaintiff he asked why they were bothering him.

18.     One of the defendant told plaintiff that plaintiff "knows what (he) did."

19.     Plaintiff was grabbed, cuffed, thrown into a police van, and ultimately taken to the precinct.

20.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff possessing and

selling illegal drugs.

21.     At no point did the officers observe plaintiff possess drugs or any other contraband.

22.     Eventually plaintiff was taken to central booking and arraigned on various criminal charges, including a felony drug sale, and released.

23.     On June 6, 2014, all charges against plaintiff were dismissed by motion of the prosecution.

24.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, economic damages and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

### False Arrest

28.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### Malicious Prosecution

31.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34.     As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM

### Denial Of Constitutional Right To Fair Trial

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     The individual defendants created false evidence against Plaintiff.

37.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

39.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Malicious Abuse Of Process

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     The individual defendants issued legal process to place Plaintiff under arrest.

42.     The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

43.     The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

44.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Failure To Intervene

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:      December 22, 2014
                New York, New York

                                                 _____/s_____

Amy Rameau
16 Court Street, 25th Floor
New York, New York 10007
(718) 887-5536

*Attorney for plaintiff*